Thompson, Ch. J.
delivered the opinion of the court. It is not denied that the lessor of the plaintiff has shown title to the premises in question, by descent, from Cadwallader Golden, and is entitled to recover, unless the defendant has made out a title derived from Cadwallader Golden. The first question that arises, on the part of the defence, is, as to the sufficiency of the proof of C. Colden's will. This proof consists of a certificate given by the Surrogate of New-York, under the 21st section of the act concerning wills, (l N. R. L, 368.) accompanied with an exemplification of the record of the will. It is admitted that the certificate and exemplification are sufficient, if the act applies to a case like the present.
The act declares, that, the exemplification of the record of any last w'ill and testament, heretofore proved, and recorded in the office of the judge of the court of probate, before the 1st of January, 1785, the original of which cannot be found in the office of the said judge of the court of probate, or of the surrogate of the city of Nem-York, shall be received and read in evidence. The objection made to the proof is, that the will in question does not appear to have been proved before the judge of probates, as the act would seem to require, but before Cary Ludlow, surrogate of the city and county of New-York, on the -15th of March, 1779.
This was after the adoption of our constitution, and the appointment of a judge of probates, and during the revolutionary war, and whilst the enemy was in possession of JVew-Yorlc. The probate of the will purports to have been granted by John Moore, styling himself deputy of Governor Tryon, which was according to the practice of that day, under the colonial act of the 11th of November, 1692, which directed that the probate of *418 all wills, should be granted by the governor, or such person as sha]j delegate, under the seal of the prerogative office, for that purpose appointed. It is, therefore, very evident that this will was duly proved and recorded, according to the practice under the colonial government. By an act of the 10th of May, 1784,(1 Greenleaf’se d. t21. s.4 ) the proof of wills, and granting of letters testamentary, under circumstances like the present, are confirmed. It declares, that all probates or letters testamentary, issued or granted by any person in the southern district, under the authority of the King of Great Bntcin, between the 15 th of September, 1776, and the 25th of November, 1783, are confirmed and made valid to all intents, constructions, and purposes whatsoever, in like manner as if the said probates or letters testamentary had been granted or issued by an officer acting under the authority of this state ; provided, the original wills, probates, and letters testamentary, be recorded in the probale office of this state, as in other cases where wills have been proved according to law. The certificate and exemplification in this case, are from the surrogate of New-York, and he is the person who, by law, has the custody of the record in this case, and in whose office the original will would, by law, be found, if at all, on file. By an act of the 30th of March, 1799, the judge of the court of probates is required to deliver to the surrogate of New-York, to remain and be kept in his office, all the papers, books, minutes, records, and documents, appertaining to the court of probates, on the first day of May, in the year 1787, except the original wills of persons who were resident in the middle, eastern, and western districts. From this view of the several statutes, in relation to this subject, it is evident that the surrogate of New-York is the person who, by law, has the custody of the record of this will, and who alone can give the certificate and exemplification authorized by the statute, and which is made competent evidence of the original will. The will of Cadwallader Colden, therefore, was duly and sufficiently proved.
It is not denied, on the part of the plaintiff, but that a regular paper title was made out, under this will, down to the defendant It appears, however, that Cadwallader Colden, the second, as surviving executor of that will, on the 1 i th of August, 1795, conveyed the premises in question, to John Dubohwho, on the Same day, reconveyed them to C. Colden, It is contended, that *419 Dubois was a mere nominal purchaser, and the sale void, under the rule which prevails in the court of chancery, that a trustee or agent to sell, shall not himself become the purchaser *4 It is unnecessary for me to go into an examination of the equity doctrine on this subject. No case is to be found where a court of law has pronounced such a deed absolutely void. The legal title undoubtedly passes, and the rules and principles which govern the court of chancery in such cases, show! that it would be very unfit for a court of law to interfere and set aside such conveyances. (2 Johns. Rep. 226.) Indeed, it is not the doctrine of a court of equity, that such sales are, ipso jure, void; but, that the trustee purchases subject to the equity of having the sale set aside, if the cestuy que trust, in a reasonable time, chooses to say he is not satisfied with it. (a) There has been a lapse of nearly twenty years since the purchase, and it may be questionable, whether a court of chancery would at all listen to an application to set aside the sale. If this sale is to be set aside, it is on the ground of fraudpfand there is nothing in the case to charge the defendant with notice of the fraud. It has been a long and well settled principle, that a purchaser for a valuable consideration without notice, has a good title, though he purchase of one who had obtained the conveyance by frand. (5 Johns. Rep. 48. 10 Johns. Rep. 197. 13 Johns. Rep. 222. and note. 1 Johns. Ch. Rep. 533.) So that in whatever point of light this case is viewed, the plaintiff must fail.
Judgment for the defendant..

 Vide Davoue v. Fanning, 3 Johns. Ch. Cases, 252. 270.

 Mm. Rep. 457. 4 Ros. and puii. 334.

 13 Vesty, 120. sugden, l. of