## PEARSON v. TAYLOR.

1. **Trust: PURCHASE BY TRUSTEE.** Where a trustee sells an estate and becomes, either directly or indirectly, interested in the purchase, the *cestui que trust* will be entitled to have the sale set aside.

2. —— A settlement between the trustee and the *cestui que trust*, subsequent to the sale, will not estop the latter from impugning the sale when it appears that he was not then aware of the trustee's interest.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 21.

THIS suit is brought in equity to redeem from a sale of land made by defendant as trustee under a deed of trust executed by the plaintiff as security for money loaned to him by Sarah A. Jennings. The grounds upon which this claim, to redeem, is based are the alleged facts that the sale by the trustee was fraudulently made, and that he became the purchaser of the land at such sale for a grossly inadequate price.

The defendant in his answer denies all the allegations of fraud, alleges that he and the plaintiff fully settled and compromised the claim made by the plaintiff before the commencement of this action, the defendant paying plaintiff the sum of $500, and the defendant asks to have the title to the property in controversy quieted in him.

On the trial of the cause a judgment was rendered dismissing plaintiff's petition, and granting the relief asked by the defendant. Plaintiff appeals.

*Stutsman & Trulock* for the appellant.

*Smyth & Hedge* for the appellee.

MILLER, J. — On the 10th day of March, 1859, the plaintiff borrowed of Sarah A. Jennings the sum of $1,000, for which he executed two notes, one for $1,000, and the other for $100, and to secure the same he made a deed of trust upon certain real property, naming the defendant and T. D. Crocker as

trustees, and authorizing them or either of them, in case of default to sell the real property conveyed to them in trust for cash at public sale, etc. The land conveyed by the trust deed was in three parcels. It is alleged that, on the 20th day of December, 1862, the defendant, pretending to act as said trustee, sold said real property in bulk in fraud of the rights of the plaintiff for the sum of $1,000, when the same was worth $6,000, and that he, the said trustee, became the real purchaser thereof and for his own benefit, although one Rand was the nominal purchaser.

The evidence shows that the sale took place on the 20th day of December, 1862; that the land was sold in bulk; that it was bid off by Rand at $1,000; that he never paid any thing on the purchase; that, on the 22d day of December, two days after the sale, Taylor, as trustee, executed a conveyance of the land to Rand, which, however, was not acknowledged until the 26th of December, and that, on the 22d of December, Rand conveyed the land back to the defendant for the expressed consideration of $1,000. These and other facts make it clear beyond doubt that the defendant was the real party interested, as purchaser, at the sale made by him as trustee. Indeed this is conceded by counsel for appellee, and it is also conceded that a sale thus made will be set side in equity.

The rule is well settled that where a trustee, acting for another, sells an estate, and becomes interested in the purchase, the *cestui que trust* is entitled, in a court of equity, to have the purchase set aside and the property re-sold. *The Bank of the Old Dominion* v. *The Dubuque & Pacific R. R. Co.*, 8 Iowa, 277; *Davoue* v. *Fanning*, 2 Johns. Ch. 258; *Jackson* v. *Walsh*, 14 Johns. 407; *Bergen* v. *Bennett*, 1 Caines' Cas. 1; *Hendricks* v. *Robertson*, 2 Johns. Ch. 311; see, also, *Fox* v. *Mackreth*; *Pitt* v. *Same*, and notes thereto in Vol. 1, Lead. Cases in Eq., marginal page 72, where the cases are collected and reviewed.

Whether the sale be public or private, or whether the trustee be an infant or an adult, the trustee is equally disabled from becoming the purchaser of the trust estate. Id.

It is insisted, however, by appellee's counsel that this doctrine has no application to this case because, in the language of defendant's answer, "about the 23d day of February, 1867, he had a full settlement with plaintiff in regard to said lands ; that the plaintiff, with full knowledge of all the transactions of said defendant, as trustee and otherwise, proposed to take from defendant a certain sum of money and make no further claim on account of the said lands or the sale thereof. That defendant on account of plaintiff's pretended claim to said lands, and to finally and forever settle and put at rest all claims and demands which plaintiff had or might have or claim to have, the defendant paid him the sum of $475, in lawful money, which the plaintiff then and there accepted in full payment and satisfaction of any and all claims, right, title or interest that said plaintiff held or might have in law or equity in or to said lands on account of defendant's purchase of the same, and at the same time plaintiff agreed to execute a quit-claim deed to defendant, but has failed to do so."

If the evidence showed that the plaintiff with full knowledge of all the facts had compromised and settled with the defendant as here alleged, and that every thing in such settlement had been open and fair, there would be no ground for the further interference of a court. of equity in behalf of the plaintiff, but the evidence shows that although Rand conveyed the premises to Taylor on the 22d day of December, 1862, the latter kept this deed from the records of the county for more than four years after its execution and delivery to him, and until after this alleged settlement with the plaintiff was effected, and was in a few days thereafter filed for record. The plaintiff made the settlement, believing that Rand was still the owner of the land in controversy, which belief was induced by the acts and representations of the defendant. Thus impressed with the belief that the title to the land was still in Rand, and the matter beyond his reach, the plaintiff felt himself to be in the power of the defendant and accepted the terms proposed by him. It would be impossible upon any equitable principle to hold the plaintiff concluded by the al-

leged settlement.   The plaintiff is entitled to the relief prayed for in his petition.   The judgment of the district court will be reversed and the cause remanded, with directions that an account be had and a decree rendered in conformity with this opinion.

Reversed.