## HIPP v. CRENSHAW.

1. **Practice in Supreme Court:** SATISFACTION OF JUDGMENT PENDING THE APPEAL: APPEAL DISMISSED. Where appellant, pending the appeal, satisfies the judgment appealed from, the appeal will be dismissed upon motion of the appellee showing the facts.

2. **Payment under Duress:** WHAT IS NOT. One who pays a judgment which is a lien on his real estate, because his financial circumstances are such as to compel him to make a loan upon the property, which he cannot do without paying the judgment, cannot say that he pays under duress.

*Appeal from Iowa Circuit Court.*

FRIDAY, SEPTEMBER 19.

*J. T. and J. C. Beem,* for appellant.

*E. E. Alverson,* for appellee.

REED, J.—At the December term, 1883, an opinion was filed in this case affirming the judgment of the circuit court. Appellant thereupon filed a petition for a rehearing, which was sustained, and the cause was reargued by counsel. Since

Hipp v. Crenshaw.

the final submission of the cause, plaintiff has filed a motion to dismiss the appeal, on the ground that defendant has fully performed the judgment from which the appeal was taken. It is shown, in support of this motion, that since the opinion was filed defendant has paid to the clerk of the circuit court a sum of money which both he and the clerk supposed was the full amount of the judgment and costs, but which was, in fact, a few dollars less than such amount, and that plaintiff's attorney has received the amount and entered satisfaction of the judgment. Defendant has filed his affidavit in resistance of the motion, in which he swears that his financial circumstances were such that he was compelled to procure a loan of money, and that, to enable him to procure such loan, he was compelled to give a mortgage on certain real estate to secure the same, and, as the judgment was a lien on said real estate, he was also compelled to remove such lien before the parties from whom he had arranged to procure the loan would consent to accept the mortgage as security therefor.

His claim is that the payment of the money to the clerk was not voluntary. But we think it very clear that this position is not tenable. A payment under such circumstances is not a payment under *duress*. All that can be claimed is that defendant found it to his advantage to discharge the lien of the judgment, and he paid the money for that purpose, and to enable him to procure the loan. We think the motion to dismiss the appeal must be sustained. But, as some members of the court are not satisfied with the conclusion reached by the former opinion, it will be withheld from publication.

DISMISSED.