NANCY L. WEAVER, Appellant, v. J. S. STACY, et al.

| 93 | 683 |
| 94 | 114 |
| 93 | 683 |
| e114 | 25 |
| 93 | 683 |
| e117 | 434 |
| 93 | 683 |
| 118 | 25 |
| 93 | 683 |
| 131 | 402 |
| 93 | 683 |
| f132 | 549 |
| 93 | 683 |
| 134 | 619 |
| 93 | 683 |
| 135 | 370 |

**Volunteer Redemption:** NO RECOVERY BACK. Where a decree which
1   finds a fraudulent conveyance and subjects the property to a
    judgment, is reversed, the grantee in the alleged fraudulent deed
4   cannot recover what he paid to redeem from sheriff's sale under
    the judgment, pending appeal from the decree. He bought at the
    peril that reversal might make his expenditure needless.

SAME. Code, 3198, restoring what is taken on a reversed judgment,
5   does not apply. The judgment under which the property was
    sold was not reversed, but the decree subjecting to that judgment.

**Practice.** Error in striking out for misjoinder is waived where the
2   losing party elects to file separate petitions under Code, 2634,
3   though no petitions are actually filed.

*Appeal from Jones District Court.*—HON. J. H. PRES-
TON, Judge.

·SATURDAY, FEBRUARY 2, 1895.

Action at law to recover for money received by
virtue of judgments rendered against D. Weaver. A
motion to strike and a demurrer to the petition were
sustained. The plaintiff refused to plead further, and
appeals.—*Affirmed.*

*Remley & Ercanbrack* for appellant.

*Sheean & McCarn, J. S. Stacy,* and *F. O. Ellison*
for appellees.

Robinson, J.—The facts alleged in the petition are
substantially as follows: On the eighteenth day of

December, 1889, the defendants, J. W. Jamison, J. S. Stacy, and J. L. Sheean, and D. McCarn, partners under the name of Sheean & McCarn, and Benjamin Chaplin, now deceased, in an action in equity entitled J. W. Jamison et al. v. D. Weaver et al., obtained a decree in the District Court of Jones county against the plaintiff and F. D. Weaver, subjecting certain real estate, certain tax-sale certificates, and money in the hands of the county auditor paid to him to redeem from certain tax-sales, to the payment of certain judgments against D. Weaver. The decree provided that the auditor should pay to the sheriff all money received in redemption of the real estate from the sales represented by the certificates; that all the property subject to the payment of the judgments, including the certificates, or so much thereof as should be necessary, should be sold on execution to be issued "upon said judgments of plaintiff herein." It further provided that the amount of certain taxes should be paid, and that the judgments should then be paid in the order as follows: First, to J. W. Jamison; second, to B. Chaplin; third, to J. S. Stacy; fourth, to Sheean & McCarn. The decree also contained the following provision: "And that the purchaser or purchasers at such sale take such property, or whatever is sold thereof, free from and clear from all claims on the part of said defendants aforesaid, either at law or in equity, and that they be forever barred from all interest therein; that plaintiff have judgment against the defendants D., F. D., and N. L. Weaver for the costs of this cause, taxed at $51.95." Under that decree the county auditor paid to the sheriff two hundred and seventy-four dollars and fifty-five cents, which was applied upon the judgments. An execution was issued on the judgment in favor of J. W. Jamison, and under it a part of the tax-sale certificates were sold, and on the fifteenth day of March, 1890,

the sum of two hundred and twenty-two dollars and
ninety cents was received from the sale in satisfaction
of the execution.    On the same day the sheriff received
one hundred and ninety-one dollars and fifty-five cents
on a sale of certificates under an execution issued on
the judgment in favor of Chaplin, and ninety-seven dol-
lars and twenty-five cents on a sale of certificates made
under an execution issued on the decree in Jamison et
al. v. D. Weaver et al.    On the same day the sheriff sold
other certificates and real estate under an execution
issued under a judgment in favor of J. S. Stacy, and
applied the amount realized from the sale, and seventy-
nine dollars and twelve cents, which he had probably
received from the county auditor, in all the sum of six
hundred and forty-seven dollars and fifty-nine cents, to
the payment of the judgment.    On the same day the
sheriff sold real estate in Anamosa under an execution
issued on the judgment in favor of Sheean & McCarn,
for which he received one thousand and sixty-eight dol-
lars and forty-five cents, of which nine hundred and
sixteen dollars and eighty-five cents were applied in
payment of that judgment, and one hundred and fifty-
one dollars and sixty cents in payment of the judgment
in favor of J. S. Stacy.    On the fourteenth day of March,
1891, F. D. Weaver redeemed a part of the property in
Anamosa, which was sold under the execution in favor
of Sheean & McCarn for the sum of one thousand one
hundred and fifty-one dollars and seventy cents.    On
the same date the plaintiff redeemed other real estate
which had been sold under the different executions.    A
portion of the real estate sold was not redeemed, and
sheriff's deeds therefor were issued to the respect-
ive holders of the certificates of sale.    The decree in
*Jamison v. Weaver* was reversed on appeal to this court
(84 Iowa, 611), a *procedendo* was issued, and the decree
was set aside by the District Court, and judgment was

rendered in favor of the plaintiff for costs. F. D.
Weaver has assigned to the plaintiff whatever right,
growing out of the litigation, he had against the defend-
ants. The plaintiff has paid costs for transcripts and
expressage in the case appealed, to the amount of sev-
enty-five dollars. Sheean & McCarn have paid seventy-
seven dollars and seventy-five cents to apply on costs in
their case against D. Weaver. Nothing else has been
paid by any of the defendants. The estate of Chaplin
has been settled, and his widow and heirs have been
made parties defendant. The plaintiff demands judg-
ment against all the defendants for the sum of three
thousand two hundred dollars with interest and
costs. J. S. Stacy filed a motion asking the court
to strike from the petition all causes of action
against all parties excepting himself, on the alleged
ground that there was a misjoinder of causes of action
and of parties. The other defendants filed similar
motions. Upon the submission of these motions the
court made an order as follows: "Upon the motion of
defendant Stacy, the names of all other defendants
are stricken out of the petition, and all causes of
action are stricken as to him, except that alleged to
have arisen by reason of the execution in his favor
against D. Weaver, and for the costs in the equity cause,
and the plaintiff then and there elected to file separate
petitions against the other defendants; and the court,
on plaintiff's motion, allowed plaintiff thirty days in
which to file said petitions." The defendant Stacy
then demurred to that portion of the petition which was
based on the seizure and sale of property under the
execution issued on the judgment rendered in his favor
and against D. Weaver. Upon the submission of the
demurrer the court made an order as follows: "The
demurrer of the defendant to the petition is sustained
in so far as it is sought to recover of defendant Stacy

for the real estate sold on his execution, and overruled as to the residue of the same." This appeal is from the order of the District Court sustaining the motion to strike and from the order sustaining the demurrer.

I. The appellees have filed a motion to dismiss the appeal from the order sustaining the motion to strike, on the ground that the appellant elected to file separate petitions against the other defendants as to the causes of action stricken out, and because she afterwards filed separate petitions as she had elected to do. The appellant insists that the record in this case does not show that she has filed separate petitions as alleged, and that if she had done so she would not have prejudiced her right to prosecute her appeal. Section 2632 of the Code provides that "the court, at any time before the defense, shall, on motion of the defendant, strike out of the petition any cause or causes of action improperly joined with others." Section 2634 is as follows: "When a motion is sustained on a ground of misjoinder of causes of action the court, on motion of the plaintiff, shall allow him, with or without costs in its discretion, to file several petitions, each including such of said causes of action as might have been joined, and action shall be docketed for each of said petitions and the same shall be proceeded in without the further service, and the court shall determine by order the time of pleading therein." The order in question was made under that section, and was designed to be for the benefit of the plaintiff. She insists that it gave her no right that she did not possess before. But that is not strictly correct. Had she not commenced this action, she could have maintained separate actions against the several defendants; but, having joined them all in one,—improperly, as we must assume for the purposes of this branch of the case,—

when objections were made she would have been compelled to dismiss as to all the causes of action improperly joined, had she not been permitted to file separate petitions, under section 2634. The law does not favor a multiplicity of actions. Two actions cannot be maintained at one time between the same parties for the same cause, if objection be made. Code, sections 2648, subdiv. 3, 2650, 2732. When the plaintiff elected to file separate petitions against all the defendants but Stacy, she did that which was inconsistent with a further prosecution of this cause excepting as to him; for the relief she must ask in the separate petitions against a part of the defendants was included in that demanded in this action against all of them.

3    The election to file separate petitions against some of the defendants was a waiver by the plaintiff of any error committed as to them in this action. See *Gordon v. Ellison,* 9 Iowa, 317; *Lillie v. Skinner,* 46 Iowa, 329. A party cannot accept the benefits of an adjudication which is not separable, and at the same time prosecute an appeal from it. See *Buena Vista Co. v. Iowa Falls & S. C. R. Co.,* 55 Iowa, 160, 7 N. W. Rep. 474; *Independent Dist. of Altoona v. District Tp. of Delaware,* 44 Iowa, 201; *West v. Fitzgerald,* 72 Iowa, 307, 33 N. W. Rep. 688; *Reichelt v. Seal,* 76 Iowa, 276, 41 N. W. Rep. 16; *Hintrager v. Mahoney,* 78 Iowa, 542, 43 N. W. Rep. 522; *Agency Co. v. Bush,* 84 Iowa, 281, 50 N. W. Rep. 1063. We conclude that the appellant has waived the error, if any, committed by the District Court in sustaining the motion of Stacy to strike, and cannot now object to it, and this is true whether she followed her election to file separate petitions by filing them, or not. The election does not appear to have been waived, and the parties in interest were entitled to rely upon it. The motion of the appel-

lees to dismiss the appeal, so far as it relates to that motion, is sustained.

II.   The demurrer of the defendant Stacy, so far as we are required to consider it, was directed to that part of the petition which seeks to recover for the money paid to redeem the real estate sold to satisfy his judgment against D. Weaver.   The effect of the ruling on the demurrer was to hold that there can be no recovery by the plaintiff for money so paid.   The petition alleges that Stacy caused certain real estate which it describes to be sold, and that it belonged to the plaintiff.   She contends that the petition charges that it was her interest, and not that of D. Weaver, which was sold; therefore that she had a right to protect that interest by paying the amount required to redeem from the sale, and that, as the decree under which the sale was made has been reversed, she is entitled to recover the money so paid.   The demurrer admitted only what was well pleaded.   The petition shows that the judgment now in question was rendered in favor of Stacy and against D. Weaver.   There is no pretense that it was against the plaintiff, and the property which belonged to her, and which she had a right to hold as against the creditors of D. Weaver, could not have been legally sold to satisfy the judgment.   The sale was necessarily of the real estate, or of an interest therein, which was subject to sale for the payment of the judgment.   The decree under which the sale was made subjected the property in question to the payment of the judgment, but it was not final, and the purchaser was required to take notice of that fact, and bought at his peril.   The rule *caveat emptor* applies to sheriff's sales.   *Jones v. Blumenstein*, 77 Iowa, 366, 42 N. W. Rep. 321; *Downard v. Crenshaw*, 49 Iowa, 300; *Dean v. Morris*, 4 G. Greene, 313; Rorer Jud. Sales, section 476.   A judgment of a court of record is a lien

upon the interest in real estate of the judgment debtor as it existed at the time of the rendition of the judgment, and upon what he may afterward acquire for the period of ten years from the date of the judgment (Code, section 2882), and upon none other (Freemen Judgm., sections 356, 357; Freemen Ex'ns, section 195). In selling property under execution,the sheriff professes to sell the interest of the judgment debtor, and nothing else. *Dean v. Morris,* 4 G. Greene, 313; *Holtzinger v. Edwards,* 51 Iowa, 383, 1 N. W. Rep. 600. It follows from these authorities that no interest of the plaintiff was sold under the execution in favor of Stacy, and that it was not necessary for her to redeem from the sale in order to protect her interest. That she was uncertain whether the decree of the District Court would be reversed did not affect her legal rights. She paid the money to redeem out of abundant caution to protect her interests, but in doing so incurred the risk of paying it unnecessarily. She was not within the provisions of section 3090 of the Code, and in law the payment was voluntary on her part. There was no mistake of fact, compulsion, nor fraud, and the plaintiff cannot recover the money so paid. *Dickerman v. Lord,* 21 Iowa, 338; *Morris v. Sioux Co.,* 42 Iowa, 416; *Murphy v. Creighton,* 45 Iowa, 183; *Painter v. Polk Co.,* 81 Iowa, 242, 47 N. W. Rep. 65. Something is said to the effect that the sale was made under the decree in the equitable action, but it is clear that such was not the case. The decree merely determined that the real estate was subject to sale for the payment of the judgment. Had the sale been made under the decree, however, the payment of money in redemption from the sale would have operated as a waiver of the appeal, so far as it affected the real estate redeemed. *Thayer v. Coldren,* 57 Iowa, 112, 10 N. W. Rep. 300; *Hintrager v.*

*Mahoney*, 78 Iowa, 542, 43 N. W. Rep. 522; *Hipp v. Cren-shaw*, 64 Iowa, 404, 20 N. W. Rep. 492; *Agency Co. v. Bush, supra.* The appellant relies upon section 3198 of the Code, which provides for the restoration of property taken by virtue of a judgment or order which has been reversed by this court, and upon *Zimmerman v. Bank*, 56 Iowa, 133, 8 N. W. Rep. 807. But neither the statute nor the case cited applies in this case, for the reason that, as we have seen, no property of the plaintiff was taken under the decree reversed. The conclusions announced dispose of the controlling questions in the case. We find no ground for reversing the order of the District Court, and it is *affirmed.*