OLIVER GATES GRIDLEY, Appellant, Respondent, *v.* JOHN W. GATES and Another, as Executors, etc., of HELEN M. GRIDLEY, Deceased, and Another, Respondents, Appellants, Impleaded with GEORGE L. GRIDLEY and Others, Respondents, and HELEN ARLENE LARAGH and Others, Defendants.

Fourth Department, March 5, 1930.

*Joseph B. Murphy,* for the plaintiff.

*Charles E. Spencer,* for the defendants the executors and trustees, etc., of Helen M. Gridley, deceased.

*Louis L. Waters,* for the defendant Frederick W. Betts, as trustee.

*Leroy B. Williams,* for the respondents George L. Gridley and others.

SEARS, P. J.   Helen M. Gridley, a resident of the city of Syracuse, died on the 15th day of November, 1925.   She left a last will and testament which was executed on the 5th day of December, 1924.   This will has been duly admitted to probate.   Under its provisions the plaintiff is the owner of an undivided interest in certain property

in the city of Syracuse, consisting of an office building and the land upon which it stands. The building is known as the " Gridley Building." In reliance upon this title, plaintiff has brought this action for a partition of the real property among those interested in it. Incidental to plaintiff's demand for partition, the plaintiff prays that a certain deed made by Helen M. Gridley in her lifetime be set aside and canceled. In this deed Frederick W. Betts is named as grantee. The deed purports to be a conveyance of the property which the plaintiff seeks to have partitioned among its owners.

The controversy centers about this deed. The deed is dated December 12, 1911. The consideration is stated in the deed to be " the trust herein created and heretofore created by said first party's [Helen M. Gridley's] last will and testament." Following the description occurs this clause: " The purpose of this deed is to affirm and ratify the terms of a trust created by the will of said first party, said will being dated April 28, 1909, and by the terms of which the premises hereinbefore described are devised and bequeathed to said Frederick W. Betts in trust for the uses and purposes directed by said will." The deed was actually delivered by the decedent herself to the grantee, Frederick W. Betts, at about its date. The will referred to in the deed was delivered by Helen M. Gridley to the defendant Frederick W. Betts at the same time that the deed was delivered, and Helen M. Gridley told the defendant Frederick W. Betts at that time to keep the deed and will and to record the deed immediately after her death.

In 1916 Helen M. Gridley requested the defendant Frederick W. Betts to redeliver to her the will, and this he did. But she then repeated her former instruction as to recording the deed. The will of 1909 was not produced upon the trial. It had been lost or destroyed. Its contents were given by the defendant Frederick W. Betts and another witness, and the purport of the will has been found by the learned trial court to have been as follows: " There were specific bequests of $20,000.00 each made to D. W. Gridley, the husband of said Helen M. Gridley, and to her sons, George Gridley, Oliver Gridley, Frank Gridley and Willis Gridley. It was then provided that the property described in said deed should be held by the trustee (defendant Frederick W. Betts) intact. It included the Gridley Building. She willed the real estate to the defendant Frederick W. Betts as Trustee in trust, one-half of the net income to be paid to Dr. George Gridley, one-half of the net income to be paid to Oliver Gridley during their lifetime or their different lifetime; in case of the death of either one the income of one-half the property was to be paid to his heirs;

in case of the death of both before the youngest grandchild, if a boy, became thirty-five years of age, or, if a girl, thirty years of age, the property was to be held in trust, the income divided between the grandchildren of the two families and eventually distributed, when the youngest then surviving grandchild, if a boy, reached the age of thirty-five, or, if a girl, reached the age of thirty, equally between the then surviving grandchildren in the families of Oliver and George Gridley. In case of death the trusteeship reverted to the Syracuse Trust Company. Oliver Gridley, George Gridley and Frederick W. Betts were made executors. In case of the death of two of the three parties before the property was sold it reverted to the Syracuse Trust Company and also reverted to the Syracuse Trust Company in case of the death or renunciation of said Frederick W. Betts. None of the grandchildren were named, nor was the ' youngest child ' named."

In 1916, after obtaining the 1909 will from the defendant Frederick W. Betts, Helen M. Gridley executed a second will in which she revoked all prior wills. In the 1916 will the Gridley Building is several times mentioned as part of the estate of the testatrix devised by the will.

In 1924 Helen M. Gridley executed the will which has been probated as her last will and testament. This will expressly revokes all prior wills. The Gridley Building is not specifically mentioned, but legacies are charged upon her real estate, and a trust is provided for the benefit of her descendants differing in many particulars from the trust provided for in the wills of 1909 and of 1916. The defendant Frederick W. Betts is not mentioned as trustee or otherwise in the will which has been probated. Helen M. Gridley continued in the active control of the Gridley Building, either in person or by attorney throughout her life.

On these facts the court below has found that the deed from Helen M. Gridley to defendant Frederick W. Betts executed in 1911 conveyed at the date of its delivery an immediate title in the premises sought to be partitioned to the grantee upon trust, however, to receive the income therefrom after the death of Helen M. Gridley, and pay the income over in accordance with the terms of the 1909 will until the death of George Gridley. Oliver Gridley, the son of Helen M. Gridley, died before the date of Helen M. Gridley's death. The learned trial court determined that the provisions of the will of 1909, for a continued trust and distribution after the death of the two sons, George and Oliver, were void as violative of the statute against the suspension of the power of alienation. (Real Prop. Law, § 42.)

The delivery of the deed to the grantee himself was complete

and effectual. By its delivery the grantee was vested with full authority to administer the trusts specified, if the provision for the creation of the trust was not revoked by the creator during her lifetime. (*Guaranty Trust Co.* v. *Halsted*, 245 N. Y. 447; *Cramer* v. *Perine*, 251 id. 177; *Genet* v. *Hunt*, 113 id. 158.) No power of revocation was expressly reserved in the deed. Neither were the terms of the trust set out in the deed. Reference was merely made to a will.

We are called upon to decide whether the intention of the grantor, by executing the conveyance, was to incorporate, irrevocably, in the deed the terms of the 1909 will, relating to the trust, or whether it was her intention to convey the property to the trustee to carry out the terms of a will which remained subject to the right of the testator to modify or revoke in the way that a will might be legally modified or revoked.

The language of the deed is somewhat significant. It merely affirms and ratifies the terms of the trust contained in the will. We have to look to the will, therefore, to determine the character and extent of the trustee's rights and duties. A will is an ambulatory instrument, speaking from the time of death. (*Obecny* v. *Goetz*, 116 App. Div. 807.) Strictly viewed, a will creates no interest, no trust, until it becomes effective upon the death of the testator. Until that time it is like an undelivered deed. It is subject to revocation and change at the mere whim of the testator. It was the will which was the governing instrument to determine the trustee's obligation.

We, therefore, prefer to adopt the view that it was not the intention not to incorporate the trust in the deed without reference to its testamentary character, but it was the intention to incorporate the will in so far as it related to the trust, subject, as a will always is, to the untrammeled power of revocation enjoyed by the testatrix. If the will were revoked, then the provision for the trust failed. Although the deed could not be withdrawn or canceled or revoked by the grantor, the trustee named in the deed could cease to have a trust duty to perform and become a mere passive trustee. When the 1909 will was revoked, that was the situation, and the dry or passive trust did not deprive the devisees under the 1924 will of their title. (Real Prop. Law, § 93.)

We cannot express our view more clearly or succinctly than by using the language of the brief of counsel for defendants George L. Gridley and others: "The deed is subservient to the will, and was and is by its terms given to affirm and ratify the terms of a trust created by the will of Helen M. Gridley, and intended by her only to affirm and ratify said trust created by such will so long

as such will existed, and such deed is by its terms and provisions of no force and effect after the revocation of said will by Helen M. Gridley and the making of another will in place thereof, the said will being revoked and destroyed, and the said deed constitutes a passive trust only and is void, and no estate, legal or equitable, vests in the trustee."

The will of 1909 was revoked, according to the evidence in the record. Not only is there proof of revocation by the will of 1916, but we have in evidence the will of 1924, and the decree probating it. The will of 1924 expressly revokes all prior wills. To be sure, the defendant Frederick W. Betts was not a party to the probate proceeding, and the decree of probate is not conclusive as to him. In a proper proceeding, he would have been entitled, and may still be entitled, to question the probate. He does not attempt to do so in this action. The decree of probate is sufficient authentication to allow the will to be received in evidence and thus to establish its contents. (Surr. Ct. Act, §§ 151 and 80.)

The judgment should, therefore, be reversed on the law and the facts, with one bill of costs in this court against the appellant, respondent, Frederick W. Betts in favor of the other appellants and a final judgment determining the rights of the parties granted: (1) For a partition of the premises, and (2) for a determination that the defendant Frederick W. Betts has no interest in the premises as trustee or otherwise, and that the deed from Helen M. Gridley to Frederick W. Betts is null and void, and (3) for a direction to the county clerk to cancel the deed of record, with costs as usual in partition. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and facts, with one bill of costs in this court against the appellant Betts in favor of the other appellants, and final judgment granted for the plaintiff: *First,* for a partition, and *second,* for a determination that the appellant, respondent, Betts has no interest in the real property, as trustee or otherwise, and *third,* for a direction to the county clerk to cancel the deed of record, with costs as usual in partition. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.