SARAH HUMPHREYS et al., (P. H. Humphreys et al., substituted), Appellants, v. IDA M. RALLS et al., Appellees.

No. 43702.

JUNE 15, 1937.

REHEARING DENIED SEPTEMBER 24, 1937.

C. H. Van Law, for appellants.

F. E. Northup and C. L. Becker, for Ida M. Ralls, appellee.

Doran & Doran, for all other appellees.

MITCHELL, J.—On October 2, 1925, an action was commenced by Sarah Humphreys and others in the district court of Iowa, in and for Grundy County, for the partition of a certain eighty-acre tract located in that county. Answers were filed by certain of the defendants. The issues were made up, and on the 29th day of April, 1926, a decree was .entered, which found that said real estate could not be equitably divided and that it should be sold. J. A. Wheelock was appointed sole referee and his bond fixed in the sum of $3,000. It was provided that the referee should take possession of the real estate. Thereafter there were certain amendments filed to the petition, and a petition of intervention. A supplemental order was entered in December of 1927, by the terms of which it was ordered that the referee be directed to proceed forthwith with the sale of the real estate at public sale, for cash, to the highest bidder. And the amount of the bond was increased to the sum of $20,000. Thereafter, in January of 1928, the referee filed a report of sale, which disclosed the filing of his bond, as required; the offer of said real estate for sale; and that P. H. Humphreys was the highest bidder, having bid therefor the sum of $12,800, subject to the approval of the court; and that there had been paid thereon the sum of $1,920 in cash. He also set forth certain expenditures that he had made. On the 20th day of January, 1928, an order was entered, approving the referee's report of sale, authorizing conveyances. On the 28th day of November, 1930, there was a petition filed, asking for the removal of the referee. To this there was filed a resistance. On February 10, 1935, there was filed a second report by the referee, J. A. Wheelock, and on the 18th day of February, 1935, there were filed objections to the referee's second report, asking for his removal. On October 12, 1935, there was filed what is known as a "Joinder in Application for Order to Cite Referee to Appear and Show Cause, and Application for Removal of Referee." To this there was filed a resistance by the referee. A hearing was held, at which evidence was offered, and the court entered an order, removing the referee from office, and required that within twenty days he file a final and complete accounting; and appointed one W. H. Draper as referee, fixing his bond in the amount of $3,000. The question of the liability of Wheelock as referee, for any damages which the estate might have suffered

by reason of his failing promptly to fulfill his duties as referee, was continued. From this order plaintiffs have appealed.

The sole and only question before this court is whether the lower court was right in entering the order to remove the referee, J. A. Wheelock, and requiring him to file a final and complete accounting of his doings.

In the case of Waller v. Hosford, 152 Iowa 176, at page 180, 130 N. W. 1093, 1094, this court said:

"Whether a trustee shall be removed and another appointed in his stead is largely within the discretion of the court. Perry, Trusts, section 275 et seq.; Godefrois, Trusts, 637; Beach, Trusts, section 386. The test always is the best interest of the beneficiaries."

With this thought in mind we turn to the record in the case at bar.

The referee was appointed for the purpose of selling the real estate. The court had found that the real estate could not be divided. In the year 1928 the referee filed a report, in which he stated that he had filed the bond required; that he had advertised in one of the local newspapers that he would hold a public sale at a certain time and place; that he had given notice, further, by posting the same as required, and that, in pursuance to such public notice and orders of the court the referee had offered at public sale on the 6th day of January, 1928, the real estate described; and that, at that time and place one P. H. Humphreys bid the sum of $12,800 and that he was the highest bidder; that he had paid to the referee $1,920, being fifteen per cent of his bid; and referee asked for further orders of the court. On the 20th day of January, 1928, the report of the sale being submitted to the court, an order was entered, approving and confirming the sale to P. H. Humphreys. That was in 1928. In other words, more than eight years have gone by since the time that the order was entered, and the referee makes no proper showing as to why he failed to carry out that order and consummate the sale. The truth of the matter is that in his last report he asked that the sale be rescinded and the money be returned to P. H. Humphreys. He makes no showing why that should be done. In addition to that, he has failed to file reports; he has paid money without orders of court. No good could be accomplished by setting out the evidence in this case. It has been

carefully reviewed, and clearly, the lower court was right in entering the order, removing the referee and appointing a successor, requiring the referee to file an accounting.

It therefore follows that the judgment of the lower court must be, and it hereby is, affirmed.—Affirmed.

Chief Justice and all Justices concur.