MARY ANDERSON et al., Appellees, v. ALVENA TELSROW et al., Appellants.

No. 46800.

MARCH 5, 1946.

REHEARING DENIED MAY 10, 1946.

Ed. ·C. Halbach, of Clinton, and France & France, of Tipton, for appellants.

Reid L. Hunt, of Tipton, and ·Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, for appellees.

MILLER, J.—Plaintiffs' petition asserted: On May 17, 1934, Claus Schwitzer and Lena Schwitzer, parents of plaintiffs, executed and delivered to defendants Alvena Telsrow and Rosie Telsrow, also daughters of trustors, as trustees, a deed to a two-hundred-twenty-acre farm in Cedar county and a residence property in Tipton; grantors reserved the use, rents, and profits of the residence in Tipton during the lifetime of the grantors or the survivor of them; the trustees accepted the trust and the deed was recorded; the deed provided, "When both of first parties shall have become deceased, the Trust Property then in the hands of said Trustees shall be turned over to the Executors of the joint Will and Testament now in existence of first parties, and the same shall be distributed according to the terms of said joint Will and Testament and said Trustees are thereby released"; the said joint will, executed April 18, 1932, provided for the payment of debts; the survivor was devised and bequeathed all of the property of the first to die; after the death of the survivor, whatever property remained was given to the

four daughters of testator (two of whom are the plaintiffs herein and the other two are defendants and trustees) share and share alike; if any daughter should die before the surviving testator, leaving issue, the issue to take her share, if without issue, such share to be divided among the surviving daughters or their issue; any indebtedness due from any of the daughters was to be deducted from her share and added to the estate to be divided among the other daughters or their issue; the testator first to die appointed the survivor as executor or executrix and the survivor appointed Alvena and Rosie Telsrow as executrices of the will; the latter executrices were given full power to sell and convey the property. Copies of said deed and will were attached to and incorporated in the petition.

The petition, as amended, further alleged: The provisions of the joint will for distribution of the trust estate at the death of the surviving trustor became a part of the trust deed; delivery and acceptance of the trust deed became and is irrevocable and the interests of the beneficiaries of the trust became and are unalterable and fixed; the trustor Lena Schwitzer died April 25, 1942; defendants are asserting that, after the execution and acceptance of the trust, on August 9, 1935, the trustors purported to revoke the interests of plaintiffs and their issue in said trust by the execution of a codicil to their said joint will but such claims of defendants are wholly without legal right or basis because no power was reserved or retained by the trustors to modify, alter, or revoke the provisions of the trust and any such attempted modification or revocation could not affect the original terms thereof or the interests of the beneficiaries in the trust; the trust deed should be construed, its legal effect determined, and the interests of the beneficiaries established; defendants, as trustees, are not properly discharging their duties, are using the trust estate for their individual benefit and profit, are leasing the farm to themselves as individuals, are depleting the value thereof, are not conserving it or handling it for the benefit of the trust; defendants are not keeping the trust property in proper repair; defendants are legal guardians of Claus Schwitzer, who has become of unsound mind; defendants as trustees are not only leasing the farm to themselves as individuals but also are selling trust property to

themselves as individuals; they have taken positions which conflict with their duties as trustees and which are improper. The prayer was that the trust be construed to give each of plaintiffs or their issue a one-fourth interest therein subject to payment to Claus Schwitzer of the net income during his lifetime and the payment of his debts, that the trustees be removed as trustees and a disinterested and provident person be appointed in their stead, and for general equitable relief.

Defendants' answer, as amended, admitted the execution of the trust deed and the terms thereof, as well as the will of April 18, 1932, the death of Lena Schwitzer on April 25, 1942, that defendants as trustees have leased the farm to themselves as individuals, and that they are guardians of the person and property of Claus Schwitzer. Defendants denied that they were acting improperly as trustees, denied that the trust deed was irrevocable or vested any interest in plaintiffs or their issue to the real estate, and asserted that the codicil to the will had the effect of canceling any interest in the real estate which plaintiffs may have had prior to the execution of the codicil; further, if plaintiffs have any right of complaint herein they are estopped because they have approved the actions of the trustees and the reports made by them. The prayer was that the action be dismissed and for general equitable relief.

On June 29, 1944, on motion of the plaintiffs, the court struck from the defendants' answer all allegations thereof which asserted that the said codicil had the effect of canceling any interest in the real estate which plaintiffs may have had prior to the execution of the codicil because the same "pled a legal conclusion not supported by the pleaded facts and that under the provisions of the trust deed it pleads an erroneous conclusion. * * * and for the further reason that the trust deed is irrevocable and no codicil could cancel the interest of plaintiffs."

Plaintiffs' reply denied the allegations of the answer which asserted a basis for estoppel. Trial was had and on February 26, 1945, the court filed its findings of fact, conclusions of law, and opinion, pursuant to which a decree was entered on the same day. The court found the following facts: The trust deed and the will of April 18, 1932, were executed as alleged by

plaintiffs and admitted by defendants; the trustees promptly entered upon the discharge of their duties; on August 9, 1935, the trustors executed a codicil to their joint will, which codicil changed the disposition of the property by canceling all provisions for plaintiffs and their issue, leaving all of said property to Alvena and Rosie Telsrow (trustees); beginning March 1, 1938, the trustees have continuously leased the farm to themselves as individuals and, while this action was pending, leased it to themselves as individuals for the year beginning March 1, 1945; during such period the trustees have also sold the trustees' share of the grain to themselves as individuals; all of these transactions took place without approval of any court, except for the year 1942; Lena Schwitzer died April 25, 1942; on November 17, 1941, Alvena and Rosie Telsrow were appointed guardians of Claus Schwitzer under the provisions of section 12617, Code, 1939; each year the trustees procured the approval of Claus and Lena Schwitzer (so long as she lived) to their doings as trustees, and since her death, of Claus alone; the approvals are in standard form and appear to have been signed without question; while leasing the farm to themselves, the trustees have had from one hundred to one hundred thirty acres in corn; the leases provided for share-crop rent; an excessive amount of land has been planted to corn; good husbandry would limit it to sixty or seventy acres per year; the cash rent for the uncultivatable part of the farm has been reduced from $5 to $4 per acre; Claus Schwitzer is past ninety years of age, is incompetent to carry on his own business or to know the meaning of papers presented to him; he has great confidence in Alvena and Rosie, is entirely under their domination and control and has been for some years past; ill feeling exists and has existed between the plaintiffs and the trustees; the trustees make their home with Claus in the residence in Tipton and operate the farm by hiring a man to run it; it is of medium quality but has not been producing corn in accordance with the general average in Cedar county.

The court made the following conclusion of law: The action is timely; plaintiffs are entitled to bring it; the trust deed, as a conveyance of real estate, is irrevocable; in construing the deed, the will of April 18, 1932, as it existed when the deed

was executed, is the governing instrument; any change in the provisions of that will, as attempted by the codicil of August 9, 1935, could not affect the provisions of the trust deed; the trustees, by leasing to themselves, by depleting the soil of the farm, and by excessive crops of corn, are committing waste and are damaging or destroying the corpus of the trust; plaintiffs have such an interest therein as entitles them to relief; there is strong hostility between the plaintiffs and the trustees and it is within the discretion of the court to grant the plaintiffs relief from such situation; the trustees have taken advantage of their fiduciary relationship, have violated their duties as trustees, and should be removed.

The decree was in accordance with and gave effect to the foregoing findings of fact and conclusions of law. It established the interests of plaintiffs in the trust estate, canceled the lease to the farm made during the pendency of the action, removed the trustees, and fixed March 1, 1945, as the date for hearing on the matter of the appointment of a successor trustee. On that date the hearing was had and W. C. Hall of Tipton was appointed successor trustee. He qualified as such and on March 26, 1945, entered into a written lease of the farm with Alvena and Rosie Telsrow as lessees, for the year ending February 28, 1946, which lease was approved by the court. On May 5, 1945, Alvena and Rosie Telsrow filed an application to remove W. C. Hall as trustee. Resistance was filed thereto and on May 24, 1945, after hearing, the application was dismissed. In the meantime, on May 1, 1945, Alvena and Rosie Telsrow filed a report and accounting which recited that the balance of trust funds in their hands was $556.30, which sum had been transferred to W. C. Hall as trustee and that "there remains nothing in the hands of the undersigned as Trustees." On March 17, 1945, defendants Alvena and Rosie Telsrow had filed notice of appeal from the decree of February 26, 1945, and from each and every ruling adverse to them. A similar notice of appeal was filed by them on March 27, 1945, in their capacities as trustees and guardians.

I. Reversal is sought here on the following contentions: (1) removal of the trustees was not warranted because there was no real or threatened diversion of the trust property (2)

there is no ambiguity in the trust deed and will, no necessity for or jurisdiction to construe said instruments (3) the trust is revocable to the extent that it might be changed by the will of the trustors (4) the action was prematurely brought (5) the appointment of W. C. Hall as trustee was improper (6) the cancellation of the lease commencing March 1, 1945, was not warranted. Appellees controvert each of these propositions and, in addition, assert that appellants are not entitled to a review of any of them. This latter contention is also contained in a motion to dismiss the appeal which asserts that: (a) the record was not properly settled by the trial court (b) appellants have acquiesced in the cancellation of the lease for the year commencing March 1, 1945, by entering into a new lease for that year with W. C. Hall, trustee (c) after this appeal was perfected, appellants instituted proceedings to remove W. C. Hall as trustee which resulted in an adjudication against them from which there has been no appeal. The motion to dismiss the appeal has been ordered submitted with the case.

II. As to the settling of the record, the trial court's order thereon is in accord with the requirements of Rule 340(c) of the Rules of Civil Procedure and counsel's certificate that the record was printed in compliance with said order is not shown to be untrue. Accordingly, we find no merit in appellees' contention in this regard.

III. The record is clear that appellants have acquiesced in the cancellation of the lease of the farm for the year commencing March 1, 1945, by entering into a new lease for that year with W. C. Hall, trustee, which was done after the entry of the decree appealed from, and was approved by the court. Hipp v. Crenshaw, 64 Iowa 404, 20 N. W. 492; Weaver v. Stacy, 93 Iowa 683, 690, 62 N. W. 22; Anglo-American L., M. & A. Co. v. Bush, 84 Iowa 272, 281, 50 N. W. 1063. Hence we need not consider or decide appellants' sixth proposition, which challenges that part of the decree which canceled the lease appellants had made with themselves during the pendency of the litigation.

IV. There is some doubt whether appellants' fifth proposition, which challenges the appointment of W. C. Hall as trustee, is properly before us. While the notice of appeal, filed

March 27, 1945, appealed from both the decree of February 26, 1945, and the order of March 1, 1945, appointing Hall trustee, it is also shown that thereafter such appointment was attacked by an application for his removal, which was heard on May 24, 1945, at which time the appointment was sustained. There has been no appeal from the order sustaining his appointment entered on May 24, 1945. Under the record as it then stood there was no abuse of discretion in appointing Hall trustee herein.

 V. We find no merit in appellants' second proposition which challenges the court's jurisdiction to construe the trust deed because the words used therein are not ambiguous. One of the definitions of the word "ambiguous" that is given by the New Century Dictionary is, "open to various interpretations." Here appellants contend that the trust was revocable, whereas appellees contend and the trial court determined that it is not revocable. But the basis for the various interpretations urged is not concerned so much with the meaning of the words used in the deed as it is with the effect to be given the fact that the provisions of a will "now in existence" are incorporated into the trust deed. It is not necessary for us to decide whether that alone would sustain the jurisdiction of the trial court, because, as heretofore stated, appellants in their answer challenged the right of appellees to maintain this action on the ground that they were not beneficiaries under the trust. For the court to decide that question it was necessary for it to construe the trust deed with the will. Accordingly, the cases, on which appellants rely, that relate to the jurisdiction of a court of equity to construe an ambiguous will are not in point. As stated in Keck v. McKinstry, 206 Iowa 1121, 1126, 221 N. W. 851, 854:

"The parties are in a court of equity, which always assumes to declare, administer, and enforce valid, active trusts according to the legally expressed purpose of the parties."

There is no doubt but that the court had jurisdiction to construe the trust deed.

 VI. The trial court was right in holding that the trust deed was not revocable. The language of the deed is analogous

to that contained in the trust agreement that was before us in the case of Dunn v. Dunn Trust, 219 Iowa 349, 354, 258 N. W. 695, 697, wherein we stated as follows:

"This language is unequivocal and completely divests the makers of the trust agreement of all interest and control over the property conveyed to the trust. There is no language used in the entire instrument which could possibly be construed as a reservation of the power to revoke, and unless the power of revocation is expressly reserved in an instrument of this kind the instrument is irrevocable. In re Estate of Dodhajsky, 137 Iowa 746, 115 N. W. 590; Haulman v. Haulman, 164 Iowa 471, 145 N. W. 930; Jones v. Nicholas, 151 Iowa 362, 130 N. W. 125; Lewis v. Curnutt, 130 Iowa 423, 106 N. W. 914; In re Estate of Tolerton, 168 Iowa 677, 150 N. W. 1051; Hellman v. McWilliams, 70 Cal. 449, 11 P. 659."

Appellants' theory is that the foregoing language does not apply because of the reference in the trust deed to the will of April 18, 1932. They rely upon the case of Gridley v. Gates, 228 App. Div. 579, 583, 240 N. Y. Supp. 260, 262, 264. In that case the deed stated, "The purpose of this deed is to affirm and ratify the terms of a trust created by the will of said first party," and, in construing such deed and will, the New York court stated:

"The language of the deed is somewhat significant. It merely affirms and ratifies the terms of the trust contained in the will. We have to look to the will, therefore, to determine the character and extent of the trustee's rights and duties. A will is an ambulatory instrument, speaking from the time of death. (Obecny v. Goetz, 116 App. Div. 807) [102 N. Y. Supp. 232]. Strictly viewed, a will creates no interest, no trust, until it becomes effective upon the death of the testator. Until that time it is like an undelivered deed. It is subject to revocation and change at the mere whim of the testator. It was the will which was the governing instrument to determine the trustee's obligation."

This New York decision is not in point. There the trust was created by the terms of the will and therefore the trust

itself could not become effective until the death of the testator. Here the joint will created no trust at all. It merely provided for the distribution of the property after the death of both testators. The trust herein was created instanter by the delivery of the deed and the acceptance of the trust. The will was referred to merely to determine the method of distribution of the trust estate after the death of the surviving trustor. And the provisions so incorporated in the trust deed were those of "the joint Will and Testament now in existence." The question herein is directly analogous to that presented in the case of Hammett v. Farrar, Tex. Com. App., 29 S. W. 2d 949, 957, wherein the court stated:

"A careful reading of this instrument shows that it is a deed absolute in form and took effect as soon as it was executed and delivered. It uses the words grant, sell, and convey, which terms, under the common law, and the Texas statutes, mean a complete alienation. They are words of present conveyance, not of devise. The instrument was delivered to the grantee named therein on the same date it was executed, and filed for record on the same date. It is an absolute conveyance without limitation, except by its own terms, and these are the conditions, uses, and purposes of the trust. As soon as it was delivered Jos. U. Sweeney held the legal title to the property as trustee, for the benefit of the beneficiaries named, and for the purposes provided. The will is referred to as a part of the trust deed. The effect of this is to make the words of the will a part of the trust deed, except where inconsistent with the deed. This would be true, even if the will had never been probated. In other words, it was not necessary to even probate the will to give complete effect to the trust deed. Had Mrs. Mary S. P. Hammett changed said will, or made a new will, which she had a right to do, so far as the will as such was concerned, still the will referred to and made a part of the deed would still have been in force, not as a will, but as a part of the deed, and Mrs. Hammett could not have altered or changed the deed or its legal effect by making another will. The properties and rights conveyed by said deed were irrevocable by Mrs. Hammett, and took effect as soon as the deed was delivered."

578

We are satisfied that the trial court was right in holding that the trust estate is to be distributed in accord with the provisions of the will in existence when the trust deed was executed and that the later purported codicil to the joint will could have no effect upon the provisions of the trust deed.

■ VII. This action is not premature. Appellees' interests in the trust estate were those of remaindermen. The remainders were either vested, subject to being divested, or contingent. But even if they were considered to be contingent remainders appellees had a right to maintain an action to protect such interests. Ward v. Meredith, 186 Iowa 1108, 1122, 173 N. W. 246.; Skelton v. Cross, 222 Iowa 262, 271, 268 N. W. 499, 109 A. L. R. 129. In an action by remaindermen under a trust, we held, in Shillinglaw v. Peterson, 184 Iowa 276, 283, 167 N. W. 709, that their remedy for maladministration by the trustee was to secure his removal.

■ VIII. There was no abuse of discretion in the trial court's removal of appellants as trustees. In Waller v. Hosford, 152 Iowa 176, 180, 130 N. W. 1093, 1094, 132 N. W. 426, we stated:

"Whether a trustee shall be removed and another appointed in his stead is largely within the discretion of the court. Perry, Trusts, section 275 et seq.; Godefrois, Trusts, 637; Beach, Trusts, section 386. The test always is the best interest of the beneficiaries."

This statement is quoted with approval in Humphreys v. Ralls, 223 Iowa 770, 772, 273 N. W. 865. In the case of In re Estate of Holley, 211 Iowa 77, 81, 232 N. W. 807, 809, we stated:

"One of the most familiar doctrines of the law of trusts is that a trustee cannot purchase from himself, or at his own sale. He cannot lawfully be the seller and the buyer in the same transaction." (Citing cases.)

In Van Gorp v. Van Gorp, 229 Iowa 1257, 1261, 296 N. W. 354, 356, we stated:

"In Iowa, as in almost every state in the Union, the law

expressly prohibits a trustee from dealing with the trust property for his personal advantage.''

The Van Gorp case involved primarily the exception to the rule, where, by unimpeachable and convincing evidence, the beneficiary, being sui juris, had full and complete information and complete understanding thereof and consented to it. There was evidence to sustain the trial court's conclusion that that situation was not present here.

In Linsley v. Strang, 149 Iowa 690, 694, 126 N. W. 941, 942, 128 N. W. 932, we stated:

''A trustee will not be permitted to manage the affairs of his trust, or to deal with the trust property so as to gain any advantage, either directly or indirectly, for himself. These principles require no citation of authority in their support. The common sense of honesty dictates such rules. As applied to the sale of trust property, the decisions, not only of this court, but of practically all courts speak with no uncertain sound.''

In the case of Sypher v. McHenry, 18 Iowa 232, 238, 239, we stated:

''Although it may seem hard that the trustee should be the only person of all mankind who may not purchase, yet, for very obvious consequences, it is proper the rule should be *strictly pursued and not in the least relaxed.* * * * A trustee is bound not to do anything which can place him in a position inconsistent with the interest of the trust, or which has a tendency to *interfere* with his duty in discharging it.'' (Citing cases.)

The record fully sustains the trial court's findings that appellants herein as trustees violated the foregoing well-established principles. There was also evidence to sustain the court's findings that appellants were guilty of acts amounting to waste and that the hostility between appellants and appellees made it undesirable for appellants to continue to act as trustees herein. The discretion exercised herein will not be interfered with by us.

The cause is—Affirmed.

All JUSTICES concur.