IN RE ESTATE OF S. L. HOLLEY.

MAUDE CORROUGH et al., Appellants, v. BERTHA HOLLEY et al., Appellees.

No. 40590.

NOVEMBER 11, 1930.

*J. G. Shifflett,* for appellants.

*Frank R. Talbott,* for Robert Holley, Emory Holley, Jr., and Mary Helen Holley, appellees.

*Talbott & Talbott,* for all other appellees.

WAGNER, J.—S. L. Holley died testate, a resident of Poweshiek County. His will was admitted to probate, and the administration of the estate has been closed. In the third item of the will it is provided:

"Subject to Item 1 hereof [the payment of debts], I direct that all of my estate, of whatsoever the same may consist at the time of my death, whether real, personal or mixed, and wheresoever situated, shall be divided into four equal shares or parts, and I give, devise and bequeath said four shares or parts as follows:

"a. One such share or part to my daughter Maude Corrough, to be her own absolutely.

"b. One such share or part to my son G. E. Holley, to be his own absolutely.

"c. One such share or part to my son W. L. Holley, to be his own absolutely.

"d. The remaining one-fourth share or part I give, devise and bequeath unto my three children Maude Corrough, G. E. Holley and W. L. Holley, as trustees, in trust, and for the uses and purposes hereinafter set forth, as follows:

"Said trustees, or the survivor or survivors, or such person as may or might be appointed in the district court of Poweshiek County, Iowa, in the event of the death or declination to act of all of said persons, shall take the absolute title to said undivided one-fourth share, and shall manage and control the same, as in their judgment may seem best, and I hereby give and grant unto said trustees, or the survivor or survivors thereof, or their successor or successors as herein provided for, the power to sell and convey, as fully as I might do if living, said share or interest in

any real estate, and to execute deeds of conveyance therefor, without the approval of court, and I hereby give and grant unto said trustees the full power to sell and convey any personal property so coming into their hands, and to invest and reinvest all funds, including the proceeds from the sale of personal or real property, all in accordance with their own judgment, and all as fully as I might or could do if living, said three named trustees, to be exempt from bond.

"And I direct that said trustees shall manage and control said property while in their hands and shall maintain, or improve or keep up any real estate or other property, and pay the taxes on same, and I direct that after the cost of maintaining said property and the payment of taxes, and the expense in connection with the administration thereof, the net proceeds of income from said share in said estate shall be paid by said trustees, annually, or oftener as in their judgment may seem for the best interests of all concerned, to Bertha Holley, now the widow of my deceased son, E. L. Holley, for and during the term of her natural life, or until her remarriage, in the event that she should remarry.

"And subject to the use of the said Bertha Holley as above provided for and to the payment of the net income to her for her life or widowhood, I direct that said trustees shall, on the death of the said Bertha Holley, or on her remarriage, in the event that she should remarry, convey and turn over to, to be their own absolutely, if living, the following named ten children of the said E. L. Holley, deceased, to wit: Harold Holley, Lois Holley Edwards, Dorothy Holley DeBerry, Eugene Holley, Marjorie Holley Bobson, May Holley, Marian Holley, Robert Holley, Emory Holley, Jr., and Mary Helen Holley, share and share alike.

"And I authorize and direct said trustees to convey to said ten children at said time, by deeds of conveyance or otherwise as may be necessary or sufficient to vest good and absolute title in said ten named children, the share then held by them in trust of my said estate; provided, however, that should any one or more of said children be not living at the time of the death of their said mother, or at the time of her remarriage, then I direct that said trustees shall convey said property then in their hands in trust, to the legal heirs of any of such deceased children."

The three children named therein as trustees have accepted the trust, and are now acting as trustees.

The decedent was the absolute owner of 320 acres of real estate, and in addition thereto, was the owner of an undivided one-half interest in approximately 300 acres, all in Poweshiek County. As to one 150-acre tract, the two sons G. E. Holley and W. L. Holley were the owners of an undivided one-half interest at the time of the death of the testator; and as to the other 150-acre tract, John Corrough, the husband of Maude Corrough, the daughter of the deceased, was at said time the owner of an undivided one-half interest. It will thus be observed that, as to the 320-acre tract, the three children of the deceased are each the owner of an undivided one fourth thereof, and said three children, as trustees, for the purposes mentioned in the will are vested with the legal title to the remaining one fourth thereof; that, as to one 150-acre tract, the two sons of the deceased are each the owner of an undivided three eighths thereof, the daughter of an undivided one eighth thereof, and the three trustees, as such, are vested with the legal title to an undivided one eighth thereof; that, as to the remaining 150-acre tract, John Corrough, the husband of Maude Corrough, is the owner of an undivided one half thereof, the three children are each the owner of an undivided one eighth thereof, and the three trustees, as such, are vested with the legal title to the remaining one eighth thereof.

The trustees filed their petition in the district court, setting out the aforesaid facts, together with the provisions of the will, stating that:

''The trustees believe it to be advantageous for said trust to have all of the interest thereof converted into personal property, and to save for said trust the cost of management if kept in the form of real estate.

''That, while these trustees are given full power and authority to sell and convey the interest of said trust in said real estate, without order or approval of court, they know of no one at the present time to whom they can sell said interest or the whole of said tracts, except as follows: That the said G. E. Holley and W. L. Holley, the owners of an undivided one half of the real estate described in Paragraph 1, offer to buy the interest of said trust at $100 per acre; that the said G. E. Holley and W. L. Holley, who are the owners of an undivided three-fourths interest in the property described at Paragraph 2 above, offer to buy the interest of said trust in and to said tract at $75 per acre;

and that said John Corrough, who is the owner of an undivided
one-half interest in the real estate described at Paragraph 3
above, offers to buy the interest of said trust on the basis of
$12,000 for the undivided one-half interest herein, or the interest
of said trust in the whole of said tract for $3,000.''

They ask therein that they be authorized to convey the in-
terest of said trust in and to the respective tracts of real estate
to G. E. Holley, W. L. Holley, and John Corrough, as aforesaid.
It will be observed that they do not ask generally for an order
to sell the real estate. This power they already have under the
will. They ask only for authority to convey a portion of the real
estate to two of the trustees and a portion to the spouse of one
of the trustees. All of the *cestuis que trust* are made parties de-
fendant, and it is alleged in the petition that three of them are
minors. Frank R. Talbott was appointed guardian ad litem for
said minors, and the remaining beneficiaries appeared by the firm
of Talbott & Talbott. All of said beneficiaries joined in a de-
murrer to the petition, alleging, in substance, that the facts
stated in the petition do not entitle the plaintiffs to the relief
demanded, in that the petition shows upon its face that the real
estate desired to be sold and conveyed is held in trust by the afore-
said trustees, with power to sell said real estate contained in said
will, and that the proposed sale as to part of said premises is to
two of the trustees in their individual capacity, and as to the re-
maining portion of said real estate, the proposed sale is to John
Corrough, the husband of one of the trustees; that, without the
consent and agreement of all of the beneficiaries of said trust, the
trustees cannot lawfully sell and convey said premises to the
parties designated; that three of the defendants are shown to be
minors, and cannot consent to such proposed sale or sales; and
that the petition fails to show that the beneficiaries of the trust
have consented or agreed to the sale. The court sustained this
demurrer, and the plaintiffs elected to stand upon their petition,
and from the judgment which was accordingly entered, they ap-
peal.

The question thus presented is, ''Have the appellants any
cause for complaint at the ruling of the court?'' One of the
most familiar doctrines of the law of trusts is that a trustee can-
not purchase from himself, or at his own sale. He cannot law-
fully be the seller and the buyer in the same transaction. See

*Bank of the Old Dominion v. Dubuque & Pac. R. Co.*, 8 Iowa 277; *Sypher v. McHenry*, 18 Iowa 232; *Pearson v. Taylor*, 37 Iowa 331; *Linsley v. Strang*, 149 Iowa 690; *Walker v. Walker*, 127 Iowa 77; *Davoue v. Fanning*, 2 Johns. Ch. (N.Y.) 252; *Michoud v. Girod*, 4 How. (U. S.) 502, 552, *et seq.* (11 L. Ed. 1076, 1098). This doctrine rests upon the ground of public policy. The law does not stop to inquire into the fairness of the sale or the adequacy of price, but stamps its disapproval upon a transaction which creates a conflict between the self-interest and integrity of the trustee. The trustee is clearly disabled from becoming a purchaser of the trust estate, whether the *cestui que trust* be an infant or an adult, and whether the sale be public or private. *Bank of the Old Dominion v. Dubuque & Pac. R. Co.*, 8 Iowa 277. The doctrine applies though the purchaser be one of several cotrustees. 39 Cyc. 367; *Romaine v. Hendrickson's Executors*, 27 N. J. Eq. 162. It matters not whether the sale be made with or without the sanction of judicial authority. *Michoud v. Girod*, 4 How. (U. S.) 502 (11 L. Ed. 1076, 1098); *Linsley v. Strang*, 149 Iowa 690. The rule is binding upon district courts, and its force and effect cannot be destroyed by a preliminary order granting the trustee permission to become a purchaser, nor by approving a sale to him. *Linsley v. Strang*, 149 Iowa 690, at 697. The prohibition that a trustee cannot be the seller and buyer in the same transaction acts, not on the possibility that, in some cases, the sense of duty may prevail over the motives of self-interest, but it provides against the probability in many cases, and the danger in all cases, that the dictates of self-interest will exercise a predominant influence, and supersede that of duty. In *Linsley v. Strang*, 149 Iowa 690, the trustee began an action in partition, and a decree was granted, which provided therein:

"It is further ordered that, if said premises be sold at private sale, the said referee shall give to Ward B. Strang [the trustee] in his own right * * * preference over strangers to the estate."

The referee reported that he had made sale to the said Ward B. Strang at private sale. The report was approved by the court, and a referee's deed executed. The *cestuis que trust* asked that the deed be set aside, which was done by this court. We there said:

"The only exception to this rule [that a trustee cannot purchase from himself] that has been recognized by any of the courts is to be found in cases where the trustee can show, 'by unimpeachable and convincing evidence, that the beneficiary, being *sui juris*, had full information and complete understanding of all the facts concerning the property and the transaction itself, and the person with whom he was dealing, and gave a perfectly free consent, and that the price was fair and adequate, and that he made to the beneficiary a perfectly honest and complete disclosure of all knowledge possessed by himself, or which he might, with reasonable diligence, have possessed, and that he has obtained no undue or inequitable advantage.' "

It will be observed that, in the case at bar, three of the beneficiaries are not *sui juris*, nor are the remaining beneficiaries shown to have given their consent to the proposed sales. We further said in the cited case:

"The appellee's chief reliance for an affirmance is based on the permission given in the partition decree and upon the approval of the sale and deed, and further, upon the fact that it was a referee's sale, and not a direct sale by him. Discussing these propositions in their reverse order, we are of the opinion that it makes no difference with the rule whether the sale be made by the trustee himself or by a person specially appointed for that purpose. The reason for the rule is. to prevent conflicting interests between the trustee and the beneficiary, and such conflict may arise as well from a sale made by another as from a sale made by himself. * * * This rule is binding upon district courts, and its force and effect cannot be destroyed by a preliminary order granting the trustee permission to become a purchaser, nor by approving a sale to him. Whatever order is made by the trial court must conform to the law, otherwise it affords no protection."

We further said in the cited case:

"*The defendant shall not be a purchaser at such sale so long as he remains the trustee of said estate, unless the plaintiffs (cestuis que trust) consent thereto; but with their written consent he may become such purchaser.*" (Writer's italics.)

Other quotations of equally strong import could be made

from the authorities hereinbefore cited. It is thus apparent that the court was right in sustaining the first ground of the demurrer, relative to the proposed sale and conveyance of a portion of the trust estate by the three trustees to two of their number.

Now, what as to the second ground of the demurrer, relative to the proposed sale and conveyance of a portion of the trust estate to the spouse of one of the trustees? As a rule, the husband or wife expects and realizes a pecuniary benefit, either directly or indirectly, from the property acquired by the other. This question, as to the right of a trustee to sell the trust property to the spouse, although new in our state, has been adjudicated elsewhere, and it is held that the same doctrine which prohibits the trustee from selling to himself likewise prohibits the trustee from selling to his or her spouse. See 39 Cyc. 373; *Davoue v. Fanning,* 2 Johns. Ch. (N.Y.) 252; *Bassett v. Shoemaker,* 46 N. J. Eq. 538 (20 Atl. 52, 19 Am. St. 435); *Scottish-American Mtg. Co. v. Clowney,* 70 S. C. 229 (49 S.E. 569). In *Davoue v. Fanning,* supra, the purchase had been made by another for the wife of the trustee. The court there said:

"However innocent the purchase may be in the given case, it is poisonous in its consequences."

In *Bassett v. Shoemaker,* supra, the court declared:

"The exclusion of the wife [husband] as a purchaser, where the husband [wife] sells as a trustee, is not so much for the reason that he [she] may subsequently become entitled to some interest in her [his] lands, as on account of the unity which exists between them in the marriage relation. The case falls clearly within the spirit of the principle which excludes the husband himself. In *Romaine v. Hendrickson,* 12 C. E. Gr. 162, affirmed 1 Stew. Eq. 275, Vice-chancellor Van Fleet says: 'So jealous is the law of the interest of the *cestui que trust* that it will not tolerate the slightest antagonism on the part of the trustee. The object of the rule is to prevent the trustee from using his information and power to the prejudice of the *cestui que trust.*' "

In conformity with this principle by which the rights of the *cestui que trust* are so jealously guarded, it becomes apparent that the court was right in sustaining the second ground of the

demurrer. The judgment of the trial court is hereby affirmed.— *Affirmed.*

Morling, C. J., and Stevens, De Graff, and Albert, JJ., concur.