NINA VAN GORP, Appellee, v. CATHERINE VAN GORP, Appellant.

No. 45413.

FEBRUARY 18, 1941.

Stipp, Perry, Bannister & Starzinger, for appellee.

Havner, Flick & Powers and Margaret I. Cunningham, for appellant.

Vander Ploeg & Heer, for H. P. Van Gorp and H. P. Van Gorp, trustee.

MITCHELL, J.—Nina Van Gorp commenced this action in equity to foreclose a mortgage on certain trust property. Catherine Van Gorp was the only defendant that appeared. She filed answer asking that the claim of the plaintiff be disallowed on the grounds that the manner in which plaintiff acquired the notes and mortgage sued upon constituted a breach of trust on the part of H. P. Van Gorp, trustee of the P. H. Van Gorp trust estate. There was a trial, and the court entered a decree of foreclosure as prayed. Catherine Van Gorp, or as she is referred to in the record as Kate Van Gorp, has appealed.

H. P. Van Gorp and D. P. Van Gorp now deceased became the qualified and acting trustees of the P. H. Van Gorp trust estate, which trust was executed on the 29th of November, 1930.

In January 1932 the said trustees, acting in behalf of the estate, executed four notes which were secured by the mortgage now in question. The first of said notes was in the sum of $3,000 payable on or before January 15, 1935, to Kate Van Gorp. The second note was in the sum of $4,500 payable to the Kuyper Lumber Company on December 10, 1931. The third note was in the sum of $2,000 payable on January 15, 1935, to Anna Taylor. The fourth note was also payable to Anna O. Taylor in the sum of $3,000 on the 1st of April, 1932. All of said notes were secured by the mortgage in question, which mortgage covered the premises locally known in Pella, Iowa, as the Garden City Feeder Works. Harve P. Van Gorp, otherwise known in the record as H. P. Van Gorp, is the husband of the appellee in this action.

D. P. Van Gorp, otherwise known as Dick Van Gorp, passed away in March 1932 and since that time H. P. Van Gorp has acted as the sole trustee of the P. H. Van Gorp trust estate.

The note for $3,000 payable to Kate Van Gorp and the mortgage securing the same were assigned by Kate Van Gorp in blank on the 20th of November, 1936. This assignment was secured by Harve P. Van Gorp through H. E. DeReus, attorney for Kate Van Gorp. The sum of $1,700 was the sole consideration for the assignment of Kate Van Gorp's interest in said mortgage and for an assignment of the note in the sum of $3,000. The negotiations for the purchase of the Kate Van Gorp note were not carried on by Nina Van Gorp, but by her husband, H. P. Van Gorp, trustee of the P. H. Van Gorp trust estate.

Anna O. Taylor, payee of the notes evidenced by Exhibits C and D passed away and both of said notes were endorsed to Glen W. Taylor, the sole heir of Anna O. Taylor, in accordance with an order of the Lancaster County Nebraska court on February 14, 1936. The two notes known in the record as Exhibits C and D payable to Anna O. Taylor were assigned and all of the interest which Glen W. Taylor had in the mortgage in question was assigned to Nina Van Gorp on the 24th of November, 1936. The sum of $2,500 was the sole consideration for the notes which were originally payable to the mother of Glen Taylor—one for $3,000 and the other for $2,000.

The note for $4,500 payable to the Kuyper Lumber Company and the Kuyper Lumber Company's interest in the mortgage in question was assigned to Nina Van Gorp on the 24th of November, 1936. At the time L. A. Kuyper made this assignment of the mortgage, the instrument which he signed was blank as to assignee, but it was his recollection that he knew Nina Van Gorp was the purchaser. The Kuyper Lumber Company, prior to the transfer of the note and mortgage, had owed Henry Grundman $8,000 and, by way of compromise settlement with Grundman, the Kuyper Lumber Company transferred the note which it held from the P. H. Van Gorp trust estate to Henry Grundman. Grundman received $2,500 for his note and mortgage from Nina Van Gorp.

The transaction complained of is the purchase of trust obligations by Nina Van Gorp, the wife of the trustee.

Catherine Van Gorp, one of the beneficiaries under the trust, is the only one complaining. She was the owner of a $3,000 note, an obligation of the trust, secured by a mortgage on the trust property. No interest had been paid to her for several years, in fact to none of the parties holding obligations of the trust. She had been pressing her note for payment, and knew that she had a mortgage which she had a right to foreclose and she was threatening to do so. She had consulted and employed an attorney. No one claims that her attorney did not properly represent her. He negotiated with Mr. H. P. Van Gorp, the trustee. The record shows that the trustee tried to refinance the mortgage, but was not able to do so.

The trustee suggested to his wife, Nina Van Gorp, that she might borrow the money from the bank, if a certain friend of the wife would sign the note. The bank loaned the money to the appellee and a man of considerable means signed with her. The record shows the loan was made due to the signer. With the money borrowed from the bank, Nina Van Gorp purchased the notes from the various owners including Catherine Van Gorp, who received the sum of $1,700.

The negotiation for the purchase of Catherine Van Gorp's note was with her attorney. The attorney testified, and it is not disputed, that he made a careful investigation of the entire situation. Appellant's attorney knew the value of the property, and testified that he considered the deal a good one for Catherine Van Gorp at the time it was made, and at the time of the trial still considered the deal an advisable one for her. While there is some dispute, as there always is, as to the value of the property covered by the mortgage, a reading of the record convinces us that Catherine Van Gorp received a fair and reasonable amount for her note and that her attorney went into all matters involved in the settlement, including the sale of the other notes, and was fully convinced his client was getting a fair and equitable sum for her note and mortgage. He fully advised his client, Catherine Van Gorp, and she was satisfied with the settlement.

The assignment of the mortgage was in blank. Neither Catherine Van Gorp nor her attorney knew that Nina Van Gorp

was the purchaser of her note and mortgage. We find no fraud on the part of anyone connected with this transaction. Fault is found by the appellant with the manner in which the trust property was managed by the trustee, but that question is not now before this court. Another case is pending in which appellant asks for an accounting by the trustee.

In Iowa, as in almost every state in the Union, the law expressly prohibits a trustee from dealing with the trust property for his personal advantage.

One of the leading cases is Linsley v. Strang, 149 Iowa 690, 694, 126 N. W. 941, 942, in which this court said:

"It is a general principle that a trustee must act with the most scrupulous good faith. The one great duty arising from this fiduciary relation is to act in all matters relating to the trust wholly for the benefit of the beneficiary. A trustee will not be permitted to manage the affairs of his trust, or to deal with the trust property so as to gain any advantage, either directly or indirectly, for himself. These principles require no citation of authority in their support. The common sense of honesty dictates such rules. As applied to the sale of trust property, the decisions, not only of this court, but of practically all courts speak with no uncertain sound.

"In the early case of the Bank of Old Dominion v. D. & P. Ry. Co., 8 Iowa 277, it was held that, if a trustee became the purchaser at his own sale, a court of equity would set the sale aside. The rule was reannounced in Sypher v. McHenry, 18 Iowa 232, in the following concise and vigorous language: 'If the trustee becomes interested in the purchase, the cestui que trust is entitled, as of course, to have the sale set aside. Davoue v. Fanning, 2 Johns. Ch. (N. Y.) 252; Bank of Old Dominion v. D. & P. Ry. Co., 8 Iowa 277. A trustee cannot act for his own benefit in a matter connected with the trust. Holt v. Holt, 1 Ch. Cas. 190. When a trustee undertakes to act for others, he undertakes not to manage for his own benefit. Ex parte Laney, 5 Vesey, 625. It is not permitted that the agent shall buy for himself or for another. To allow this, would permit him to apply the information acquired by the trust to his own benefit. Ex parte Bennett, 10 Vesey, 385.

The principle referred to is admitted, not only as established by adjudication, but also as founded in indispensable necessity, to prevent that great inlet of fraud, and those dangerous consequences which would ensue, if trustees might themselves become purchasers, or if they were not in every respect kept within compass. Although it may seem hard that the trustee should be the only person of all mankind who may not purchase, yet, for very obvious consequences, it is proper the rule should be strictly pursued and not in the least relaxed. Munro v. Allaire, 2 Caines Cas. (N. Y.) 183 (2 Am. Dec. 330). The danger of temptation does, out of the mere necessity of the case, work a disqualification. Nothing less than incapacity being able to shut the door against temptation, when the danger is imminent, and the security against discovery great, the wise policy of the law has, therefore, put the sting of disability in the temptation as a defensive weapon against the strength of the danger which lies in the situation. The parts which the buyer and the seller have to act, stand in direct opposition to each other in point of interest, and the conflict of interest is the rock, for shunning which the disability has obtained its force, by making that person who has one part intrusted to him incapable of acting on the other side. The New York Building Company v. Mackenzie, decided in 1795, 8 Bro. C. P. Trustees of every description, who have power to sell, can never by direct or indirect means, become the purchaser of the trust property. Litchfield v. Cudworth, 15 Pick. (Mass.) 24; Copeland v. Mercantile Insurance Company, 6 Pick. (Mass.) 198. A trustee is bound not to do anything which can place him in a position inconsistent with the interest of the trust, or which has a tendency to interfere with his duty in discharging it.' "

And the rule has ever since been followed by this court. See Booth v. Bradford, 114 Iowa 562, 87 N. W. 685; 2 Pomeroy's Equity Jur., section 958; 3 Pomeroy's Equity Jur., section 1075.

But the question which we are confronted with here is not whether the trustee had a right to purchase the obligation of the trust from one of the beneficiaries, but whether the wife of the trustee had a right to purchase the note and mortgage from Catherine Van Gorp.

The Iowa court has also spoken with reference to such a situation, and has held that the wife of a trustee is likewise excluded from dealing with the trust property. This further rule was laid down in the recent case of In re Estate of Holley, 211 Iowa 77, 84, 232 N. W. 807, 810. The wife of the trustee had purchased property belonging to the trust estate. The court, in speaking with reference to the invalidity of this purchase by the wife, said:

"Now, what as to the second ground of the demurrer, relative to the proposed sale and conveyance of a portion of the trust estate to the spouse of one of the trustees? As a rule, the husband or wife expects and realizes a pecuniary benefit, either directly or indirectly, from the property acquired by the other. This question, as to the right of a trustee to sell the trust property to the spouse, although new in our state, has been adjudicated elsewhere, and it is held that the same doctrine which prohibits the trustee from selling to himself likewise prohibits the trustee from selling to his or her spouse. See 39 Cyc. 373; Davoue v. Fanning, 2 Johns. Ch. (N. Y.) 252; Bassett v. Shoemaker, 46 N. J. Eq. 538 (20 Atl. 52, 19 Am. St. 435); Scottish-American Mtg. Co. v. Clowney, 70 S. C. 229 (49 S. E. 569). In Davoue v. Fanning, supra, the purchase had been made by another for the wife of the trustee. The court there said:

" 'However innocent the purchase may be in the given case, it is poisonous in its consequences.'

"In Bassett v. Shoemaker, supra, the court declared:

" 'The exclusion of the wife [husband] as a purchaser, where the husband [wife] sells as a trustee, is not so much for the reason that he [she] may subsequently become entitled to some interest in her [his] lands, as on account of the unity which exists between them in the marriage relation. The case falls clearly within the spirit of the principle which excludes the husband himself. In Romaine v. Hendrickson, 12 C. E. Gr. 162, affirmed, 1 Stew Eq. 275, Vice-chancellor Van Fleet says: "So jealous is the law of the interest of the cestui que trust that it will not tolerate the slightest antagonism on the part of the trustee. The object of the rule is to prevent the trustee from using his

information and power to the prejudice of the cestui que trust.'' ' ''

But there is an exception to this rule recognized by this court in both the Linsley and the Holley cases. We quote from the Linsley case, page 696 of 149 Iowa, page 943 of 126 N. W.:

''The only exception to this rule that has been recognized by any of the courts is to be found in cases where the trustee can show, 'by unimpeachable and convincing evidence, that the beneficiary, being sui juris, had full information and complete understanding of all the facts concerning the property and the transaction itself, and the person with whom he was dealing, and gave a perfectly free consent, and that the price was fair and adequate, and that he made to the beneficiary a perfectly honest and complete disclosure of all knowledge possessed by himself, or which he might, with reasonable diligence, have possessed and that he has obtained no undue or inequitable advantage.' ''

Do the facts in this case come within the exception to this rule? The trustee has shown by ''unimpeachable and convincing evidence'' all of the necessary elements to bring this case within the exception, except that the record shows that neither Catherine Van Gorp nor her attorney knew that the wife of the trustee, Nina Van Gorp, was to be the purchaser of the note and mortgage belonging to the beneficiary of the trust.

One of the essential elements of the exception, knowledge of the person with whom she was dealing, is lacking. Thus to come within the exception, it would be necessary to enlarge upon same, by holding that knowledge of the identity of the purchaser was not necessary. This court as it now is constituted, not including the writer, does not feel that the exception should be enlarged and that this case does not come within same.

There is an interesting discussion of the questions involved in the case at bar in 128 A. L. R. 917, where many cases are cited and reviewed.

The lower court erred in entering judgment for the full amount of the notes and mortgage. The decree should have been entered in favor of Nina Van Gorp for the full amount ex-

pended by her in the acquisition of the notes sued upon, to wit, Exhibits A, B, C and D, together with interest on the amount she paid for same, from the date of purchase. She was also entitled to decree foreclosing said mortgage, and for costs.

This case is reversed and remanded to the lower court for decree in conformity with this opinion.—Reversed.

SAGER, OLIVER, WENNERSTRUM, MILLER, and GARFIELD, JJ., concur.

JUSTICES BLISS and STIGER dissent because in their judgment the facts in the record bring the case within the exception noted in the opinion.

MITCHELL, J. (dissenting)—Under the record in this case I would enlarge the exception and affirm the case.