IN RE GUARDIANSHIP OF MARION RICE.

CLIVE RICE, Guardian, Appellee; E. W. McNEIL, Guardian ad litem, Appellant.

No. 45610.

NOVEMBER 12, 1941.

Rayburn & Crisman, for appellee.

E. W. McNeil, guardian ad litem, for appellant.

MITCHELL, J.—This case involves the guardianship of Marion Rice, adjudged to be insane, and who is confined in the State Hospital at Mt. Pleasant, Iowa, and has been since 1916. His care has been paid every year and the cost thereof runs around $300 per year.

The ward is the owner of 240 acres of real estate located one and one-half miles from Grinnell. Everyone agrees that it is

a good farm, and from the income received from same there can be little doubt about it.

The guardian borrowed $6,000, under order of court and gave a mortgage covering part of the farm. The note and mortgage drew 6% interest. In 1934, this mortgage became due, and the Stewart Trust, the owner of same, demanded payment. The guardian claims he was unable to refinance the loan. Yundus Rice, the wife of the guardian, using her own funds, purchased the mortgage, taking an assignment therefor, which was recorded on July 6, 1934. The guardian made a report on November 23, 1935, in which he referred to the mortgage, notice was given, a guardian ad litem was appointed and there was a hearing held. On December 31, 1935, an order was entered approving the report. On February 24, 1936, the guardian extended the mortgage to June 1, 1938, with the privilege of paying on the principal any amount on any interest due date. The rate of interest was reduced to 5%. This extension was approved by order of the district court, by an ex parte order. The report shows that the principal due on the mortgage was $5,000. In October, 1936, the guardian purchased $2,000 in certificates of deposit in a Grinnell bank drawing 2% interest. On June 1, 1937, he cashed a one thousand dollar C. D. and paid the money received on the principal of the mortgage reducing the amount to $4,000. Thereafter the guardian filed reports for the years 1936, 1937, 1938 and 1939. On June 20, 1940, the guardian ad litem filed objections to the reports.

The only objections urged on this appeal are as to items of interest paid to Yundus Rice, the guardian's wife, on a mortgage held by her on real estate belonging to the trust, also to the guardian keeping too large a balance of cash, C. D., and crops on hand instead of using the same to pay on the mortgage indebtedness and finally as to the amount of compensation allowed and paid to the guardian. The lower court overruled the objections, and the guardian ad litem has appealed.

▬ No attack is made in regard to the validity of the mortgage purchased by the guardian's wife. The wife paid the full amount of the principal and interest due for the mortgage, no discount was received by her. She used her own money, and no

fraud or sharp practice is shown in the record. The guardian ad litem relies mainly on the recent case of Van Gorp v. Van Gorp, 229 Iowa 1257, 296 N. W. 354, we shall not again review the authorities.

In the Van Gorp case, this court held that the wife of the guardian was entitled to receive interest on the amount she had paid for the obligations of the trust, of which her husband was guardian. In that case, the wife purchased at a discount, and we held that the law prohibits the wife of a trustee in dealing with the trust property for her personal advantage, but we also held that she was entitled to interest on the amount of money she had invested. In the case at bar, the full amount was paid, there was no discount, and following the Van Gorp case, she is entitled to interest on her mortgage.

It is next contended that the guardian should have applied the money, $2,000, which he used to purchase C. D.s with on the principal of the mortgage due his wife. This record does not show what amount of money was on hand at the time the mortgage was extended, which was February 24, 1936; it does show that the C. D.s were purchased on December 19, 1936, which was the end of another crop year. The guardian did on the next interest payday cash one of the C. D.s and apply the proceeds, a $1,000 on the principal. It is the claim of the guardian that it was necessary on account of the physical and mental condition of the ward to keep a balance on hand. It is easier to look back and say that the amount was larger than it should have been, than for the guardian to look ahead, knowing that the income depended upon crop conditions and prices for farm products. The lower court listened to the evidence in this case and overruled the objection to this part of the report, and with this we agree.

Finally it is argued that the compensation allowed the guardian was excessive. The guardian received the sum of $330 for the year 1937, and the sum of $325 for the years 1938, 1939 and 1940.

The guardian operated this 240-acre farm during the period of time complained of; that he did a good job is shown by the rents received. In 1937, the income was $2,900; in 1938, $1,700;

1224

in 1939, $2,966 or better than $9.00 per acre. He had charge of the repairs and upkeep of the farm. In addition to this he handled the affairs of the guardianship and made the reports required. The amount allowed was reasonable compensation for the services performed.

It necessarily follows that the case must be and it is affirmed. —Affirmed.

MILLER, C. J., and SAGER, OLIVER, GARFIELD, WENNERSTRUM, and BLISS, JJ., concur.