ERNEST A. JOHNSON et al., appellants, v. ANNA JOHNSON, trustee, LILY M. STOLTENBERG et al., appellees.

No. 47641.

(Reported in 45 N.W.2d 573)

JANUARY 9, 1951.

Lambach, Kopf & Berger and Sloan Hutchinson, all of Davenport, for appellants.

Martin F. McCarthy, Jr., and Hoersch & Harbeck, all of Davenport, for appellees.

HAYS, J.—Anna Johnson is the duly qualified and acting trustee under the will of Albert Johnson, deceased. The will provides in part:

"All the rest * * * of the property * * * I give and bequeath unto my daughter Anna A. Johnson, in trust however, for the following uses and purposes, to-wit: (a) To manage and operate my farm * * *. * * * (c) Whenever my said trustee in the exercise of her own best judgment finds or deems it to be for the best interests of her said trust that all or any part of the property of the said trust * * * should be sold then my said trustee may sell such property and divide the proceeds thereof equally among my * * * children * * *. (d) It is declared to be the purpose of this trust to place my said trustee in charge of the management of my said property and her management thereof shall not be subject to the control or supervision of any person whomsoever * * *."

All parties to the action are children of Albert Johnson except Lloyd Stoltenberg, who is the husband of Lily Stoltenberg, and share equally in the trust, together with another child, William, who is not a party to the litigation. All are adults and sui juris.

In August 1945 the trustee sold the farm to Lily Stoltenberg for $16,000. In November 1946 plaintiffs brought this action to set aside the conveyance on account of the alleged fraud on the part of the trustee and the purchaser, Lily Stoltenberg. The trial court dismissed plaintiffs' petition and they appeal. There is no claim that the trustee has not properly accounted for the trust funds, the alleged fraud consisting of a breach of trust in the favoring of one beneficiary over the others, and sale for an inadequate price.

The questions raised are largely factual as the law involved is well-established and recognized by all parties. Under the terms of the trust, Anna Johnson, as trustee, has a wide discretion with respect to the power of sale. Under such conditions her exercise of such discretion will not be disturbed by the court unless there is an abuse of the same. Dickey v. Barnstable, 122 Iowa 572, 98 N.W. 368; McClintock v. Smith, 238 Iowa 964, 29 N.W.2d 248; 65 C.J.S., Negligence, section 110, page 678; Restatement of the Law, Trusts, section 187. A trustee must act at all times in good faith in administering the trust, and impartially between the several beneficiaries thereof. Becker v. Becker

Bros., 202 Iowa 7, 209 N.W. 447; 54 Am. Jur., Trusts, sections 312, 435; Restatement of the Law, Trusts, sections 170(e), 182, 183, 216. Any person *other than the trustee or those acting in his interest* or having a direct interest in defeating the trust may purchase at a trustee's sale of trust property, which usually includes a beneficiary thereof. 54 Am. Jur., Trusts, section 452. Linsley v. Strang, 149 Iowa 690, 126 N.W. 941, 128 N.W. 932; Van Gorp v. Van Gorp, 229 Iowa 1257, 296 N.W. 354; Geisinger v. Geisinger, 241 Iowa 283, 41 N.W.2d 86. However, a trustee's dealing with his beneficiary is to be distinguished from self-dealing by him. A transaction between the trustee and the beneficiary may be upheld upon a showing of good faith, valuable consideration and that the transaction was not inequitable. In the exercise of good faith it is incumbent on him to make to the beneficiary such full disclosure of all material facts which have come to his knowledge as trustee, as to enable the beneficiary to deal with him on even terms. 54 Am. Jur., Trusts, section 318.

■ I. While there was a valuable consideration, $16,000, was the sale price inadequate so as to make the transaction inequitable? The land in question, one hundred sixty acres, is located near Bettendorf, Iowa. It had the usual farm buildings for a place of that size, all of them being old and in need of repair. Most of the land was tillable but had been overfarmed. Expert testimony as to the value of the premises, a form of testimony which is not too exact (2 Jones on Evidence, 1938 Ed., section 390), was offered with a range of $100 to $165 per acre. The place had been advertised for sale but with no appreciable results. None of the objecting parties, although placing a value thereon of $165 per acre, was interested in purchasing for $100 per acre. The trial court found that the sale price of $100 per acre represented a fair and reasonable price, and under the entire record we are not inclined to disagree with such finding.

■ II. Did the trustee in dealing with one of the beneficiaries do so at the expense of the other beneficiaries or to her own private gain? The trustee's power of sale was not "subject to the control or supervision of any person whomsoever," which includes the beneficiaries, and the court in the absence of an abuse of such control. She could sell when she deemed it ex-

pedient without first, or ever, obtaining the consent of the beneficiaries. She must however sell for an adequate price, which we have found she did. She must also deal impartially as between the beneficiaries and not profit personally, directly or indirectly, at their expense.

The record shows that in the spring of 1945 the trustee contemplated selling the farm, intending that she, Lily and William would buy it. She visited with Ernest, Arthur and Hulda in their respective homes and discussed the intended sale. She stated that she felt $100 per acre was a fair price and that "probably some of us will buy it." Ernest and Arthur both stated that they felt the price should be $125 per acre, but did not make inquiry as to who was meant by "some of us." They also stated that they assumed that Anna and William were the ones referred to. Later, Anna learned that as trustee she could not buy trust property. William did not desire to purchase, and Lily made an offer of $100 per acre. Anna did not convey this information to any of the objectors. Hulda had signified that she was agreeable to the $100 price. The sale was made in August 1945. In September 1945 each of the beneficiaries received a check signed by Lily Stoltenberg for the amount due them, together with a "statement of *settlement on sale of farm* by Anna A. Johnson, trustee, under the will of Albert Johnson, *to Lillie Stoltenberg*" (italics added), and which showed the purchase price to be $16,000. In the distribution made, Arthur, who was indebted to William in the sum of $500, received a check for a one-sixth interest less this sum; Ernest, who was indebted to Anna in the sum of $300, and to William in the sum of $600, received a check for one sixth less these amounts— Ernest, through his attorney, returned this check, and one for the full amount was given to him and he in turn paid William and Anna the amounts due them; Hulda received a check for a one-sixth share; all of the share of William and Anna's share were left in the property, they taking Lily's note for the amount at three per cent interest, due in five years. All of the appellants cashed their checks and have retained the money. Under the terms of the sale the purchaser took possession in September 1945, with the cash rental of $1600, being prorated between the

trust and the purchaser, each receiving one half. The trust paid the taxes for the year 1944.

It is admitted by the trustee that she at no time told the appellants that Lily was the sole purchaser, and this appears to be the chief basis for appellants' objections, as there is evidently some ill feeling toward Lily. While no reason is given as to why Anna did not convey this information to appellants, we do not think that under the circumstances such information was of such importance as to void the sale for failure to give the same. The case of Van Gorp v. Van Gorp, supra, is relied upon by appellants, but it is not in point. In that case the purchaser was the wife of the trustee, and it was held that failure to divulge the name of the purchaser of the trust property voided the sale. The wife is placed on the same status as the trustee and a different rule pertains than in a transaction between trustee and beneficiaries. Especially does this apply in the instant case where it is clear that the objectors showed no interest in ascertaining who was meant when Anna told them "probably some of us will buy it." There is nothing in the record to warrant even an inference that Anna is a purchaser sub rosa, or in any way made private gain by the sale.

Assuming that Anna should have informed the other beneficiaries that Lily was the sole purchaser, we think her actions have been ratified by the appellants. They knew at the time they received their checks that Lily was the purchaser and that the sale price was $100 per acre, yet they cashed them and have since retained the money. They made no protest to either Anna or Lily prior to the commencement of this action, although they were aware of the fact that Lily had possession and had made material improvements thereon.

Finding no error the decree of the trial court should be and is affirmed.—Affirmed.

WENNERSTRUM, C. J., and BLISS, SMITH, OLIVER, MULRONEY, and GARFIELD, JJ., concur.

MANTZ, J., not sitting.